IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

G.A. RESORT CONDOMINIUM ASSOCIATION, INC., a
Colorado Nonprofit Corporation,

    Plaintiff,

v.

ILG, INC., a Delaware corporation, CHICAGO TITLE
LANDSHARE TRUST, INC., a Florida corporation, as
Trustee for HPC TRUST, GRAND ASPEN LODGING,
LLC, a Delaware limited liability company, HPC
DEVELOPER, LLC, a Delaware limited liability company,
HPC OWNERS ASS'N, LLC, a Florida non-profit, HV
GLOBAL GROUP, a Delaware corporation, HV GLOBAL
MKTG. CORP., a Florida corporation, HYATT CORP., a
Delaware corporation, HYATT HOTELS CORP., a
Delaware corporation, HV GLOBAL MGMT. CORP., a
Delaware corporation, and MARRIOTT VACATIONS
WORLDWIDE, INC., a Delaware corporation,

    Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants ILG, Inc. ("ILG"), Chicago Title Timeshare Land Trust, Inc. (incorrectly named as Chicago Title Landshare Trust, Inc., "Chicago Title"), Grand Aspen Lodging, LLC ("G.A. Lodging"), HPC Developer, LLC ("HPC Developer"), HPC Owners' Association, Inc. (incorrectly named as HPC Ownership Association, LLC, "HPC Owners Ass'n"), HV Global Group, Inc. ("HVGG"), HV Global Marketing Corporation ("HV Global Marketing"), Hyatt Corp. ("Hyatt"), Hyatt Hotels Corporation ("Hyatt Hotels"), HV Global Management Corporation ("HVGM"), and Marriott Vacations Worldwide Corporation

ACTIVE 44035021v5

(incorrectly named as Marriott Vacations Worldwide, Inc., "MVWC") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453, and with full reservation of all defenses and rights, by their undersigned attorneys, submit this Notice of Removal of the civil action described below to this Court from the District Court of Pitkin County, Colorado, in which this action is now pending. This action is within the original jurisdiction of this Court and properly removed (a) based upon 28 U.S.C. §§ 1332(a), 1376 and 1446; and in addition, (a) based upon the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1446, and 1453 ("CAFA").

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff G.A. Resort Condominium Association, Inc. (the "Association"), and filed with the Clerk of the District Court of Pitkin County, Colorado, with proof of service, as an exhibit to a Notice of Filing of Notice of Removal.

In support of removal to this Court, Defendants state and allege as follows.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On May 3, 2019, the Association filed its Complaint against Defendants in the District Court of Pitkin County, Colorado (the "State Court Action"). Copies of the Complaint, including the exhibits to the Complaint are attached as Exhibit A, and all other papers submitted or filed in the State Court Action (including a June 26, 2019 unopposed motion and proposed Order extending Defendants' time to answer, move or otherwise respond to the Complaint to August 23, 2019) are attached as Exhibit B. No other pleadings or filings have been served on Defendants and, upon information and belief, as of the date of this Notice of Removal, no other pleadings or filings have been filed in the State Court Action other than those attached as Exhibits A and B.

2. ILG, Chicago Title, G.A. Lodging, HPC Developer, HVGG, HV Global Marketing, Hyatt, Hyatt Hotels, HVGM, and MVWC were first served with the Summons and Complaint on June 5, 2019, and, thereafter, HPC Owners Ass'n was served on June 10, 2019. All Defendants join in this Removal Notice for purposes of 28 U.S.C. § 1446(b)(2)(C), and reserve all rights regarding personal jurisdiction, lack of service, improper or insufficient process of service, and all other defenses.

3. This Notice of Removal is being timely filed within the time prescribed in 28 U.S.C. § 1446(b), because it is being filed within 30 days of the receipt of the Summons and Complaint by Defendants.

4. The District Court of Pitkin County, Colorado is located within this judicial district, 28 U.S.C. § 85, and this Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## THE COMPLAINT

5. As alleged in the Complaint, the Association is a homeowners' association for the G.A. Resort Condominiums, a fractional ownership interest resort located in Aspen, Colorado, known as the Hyatt Vacation Club Grand Aspen Resort (the "Resort"). The Association alleges that there are more than 560 of its members who are owners of fractional interests consisting of 1/20th of an undivided interest in a specific condominium unit at the Resort, entitling each owner to two and one-half weeks of use, consisting of one fixed week, one floating week and one-half floating week. The Association alleges that Defendants' conduct has caused direct injury to it, and has also caused injury to the owners, including a diminution in value of the owners' fractional interests at the Resort.

6. Among other things, the Association complains of Defendants' actions consisting of: (a) the transfer of 207 fractional ownership interests in the Resort, owned by G.A. Lodging, to

the Hyatt Residence Club Portfolio Trust, to be included in the Hyatt Residence Club Portfolio Program (the "Portfolio Club"), a points-based vacation ownership program which permits its members to use points at various Hyatt Residence Club ("HRC") properties, including the Resort; (b) the association of the Portfolio Club, through an Exchange Agreement, with the HRC properties, including the Resort, permitting owners at HRC properties to exchange their weeks for points to be used in the Portfolio Club, and permitting Portfolio Club members to access those exchanged weeks using points; (c) the alleged withholding and failure to sell the 207 fractional interests that were transferred to the Portfolio Club; and (d) the alleged setting of the number of points required to access the Resort at a level lower than that justified to entice purchasers to buy into the Portfolio Club, while increasing points required to stay at other HRC properties.

7. The Complaint purports to state claims for (a) breach of fiduciary duty and for the imposition of a constructive trust against HVGM, G.A. Lodging and HVGG; (b) constructive fraud against HVGM, G.A. Lodging and HVGG; (c) aiding and abetting breaches of fiduciary duty against all Defendants; (d) breach of contract against HVGM, G.A. Lodging and HVGG; (e) breach of the implied covenant of good faith and fair dealing against HVGM, G.A. Lodging, HVGG, and ILG; (f) declaratory relief regarding the implementation of the Portfolio Club against all Defendants; (g) tortious interference with contract against all Defendants; (h) conspiracy against all Defendants; (i) violation of the Colorado Organized Crime Control Act, C.R.S. § 18-17-104, against all Defendants; (j) violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, against all Defendants; (k) unjust enrichment against all Defendants; and (l) for an accounting against all Defendants.

8. The Association seeks damages and other relief on its own behalf and in its own name, and "also seeks damages on behalf of the Owners on some causes of action pursuant to

C.R.S. § 38-33.3-302(1) of the Colorado Common Interest Ownership Act ['CCIOA'] . . . including": (a) a declaratory judgment and rescission of its Management Agreement concerning the Resort; (b) disgorgement of the 207 fractional ownership interests transferred to the Portfolio Club: (c) the voiding of certain provisions in the Resort's governing documents and contracts relating to the Resort; (d) the voiding of the Exchange Agreement and the termination of the Resort's association with the Portfolio Club; (e) disgorgement of and recovery of all amounts and compensation paid to Defendants; (f) damages for the diminution in value of each owner's fractional interests; (g) disgorgement of profits that Defendants received as a result of their alleged wrongful acts; and (h) for an accounting of such profits and the imposition of a constructive trust.

9. Among other things, the Association seeks (a) disgorgement of "an estimated $30 million profit" made by Defendants, Complaint ¶ 6(a); (b) "restitution of all monies paid to Defendants," consisting of millions of dollars (in that the Association alleges that there were at least 560 owners, who each paid hundreds of thousands of dollars for their fractional interests), *id*. ¶¶ 2, 35; and (c) compensatory damages consisting of the diminution in value of the fractional interests of the 560 owners that were each purchased for hundreds of thousands of dollars.

10. Defendants dispute the Complaint's factual allegations, as well as its legal conclusions, and deny that the Association or any fractional interest owners at the Resort have been harmed in any way.

## BASES FOR REMOVAL

### A. Original Subject Matter Jurisdiction Under 28 U.S.C. § 1332

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because, as set forth below, the Association is a citizen of Colorado and is a citizen of a different

state than all Defendants, who are citizens of Delaware, Florida and Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**(1) Complete Diversity of Citizenship Exists**

    **(a) The Association's Citizenship**

12. Upon information and belief, the Association is a Colorado nonprofit corporation with its principal place of business at 415 East Dean Street, Aspen, Colorado 81611, and therefore is a citizen of Colorado for purposes of 28 U.S.C. § 1332(a).

    **(b) Citizenship of Defendants**

13. ILG is a Delaware corporation with its principal place of business at 6262 Sunset Drive, Miami, Florida 33143, and therefore is a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a).

14. Chicago Title is a Florida corporation with its principal place of business at 2400 Maitland Center Parkway, Maitland, Florida 32751, and therefore is a citizen of Florida for purposes of 28 U.S.C. § 1332(a).

15. G.A. Lodging is a Delaware limited liability company with its principal place of business at 6262 Sunset Drive, Miami, Florida 33143. The sole member of G.A. Lodging is Grand Aspen Holdings, LLC ("GA Holdings"). GA Holdings is a Delaware limited liability company whose sole member is S.O.I. Acquisition Corp. ("S.O.I."). S.O.I. is a Florida corporation with its principal place of business at 6262 Sunset Drive, Miami, Florida 33143. Therefore, G.A. Lodging is a citizen of Florida for purposes of 28 U.S.C. § 1332(a).

16. HPC Developer is a Delaware limited liability company with its principal place of business at 9002 San Marco Court, Orlando, Florida 32819. The sole member of HPC Developer is S.O.I. Therefore, HPC Developer is a citizen of Florida for purposes of 28 U.S.C. § 1332(a).

17. HPC Owners Ass'n is a Florida nonprofit corporation with its principal place of business at 140 Fountain Parkway, St. Petersburg, Florida 33716, and therefore is a Florida citizen for purposes of 28 U.S.C. § 1332(a).

18. HVGG is a Delaware corporation with its principal place of business at 140 Fountain Parkway, St. Petersburg, Florida 33716, and therefore is a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a).

19. HV Global Marketing is a Florida corporation with its principal place of business at 6262 Sunset Drive, Miami, Florida 33143, and therefore is a citizen of Florida for purposes of 28 U.S.C. § 1332(a).

20. Hyatt is a Delaware corporation with its principal place of business at 150 North Riverside Plaza, Chicago, Illinois 60606, and therefore is a citizen of Delaware and Illinois for purposes of 28 U.S.C. § 1332(a).

21. Hyatt Hotels is a Delaware corporation with its principal place of business at 150 North Riverside Plaza, Chicago, Illinois 60606, and therefore is a citizen of Delaware and Illinois for purposes of 28 U.S.C. § 1332(a).

22. HVGM is a Delaware corporation with its principal place of business at 6262 Sunset Drive, Miami, Florida 33143, and therefore is a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a).

23. MVWC is a Delaware corporation with its principal place of business at 6649 Westwood Boulevard, Orlando, Florida 32821, and therefore is a citizen of Delaware and Florida for purposes of 28 U.S.C. § 1332(a).

**(2) Amount in Controversy**

24. As noted above in paragraph 9 above, and as set forth in more detail in the Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

**B. Original Subject Matter Jurisdiction Under CAFA**

25. In addition, removal is proper under CAFA, which grants district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative class of Plaintiffs is a citizen of a State different from any Defendant. As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

**(1) Covered "Class Action" Under 28 U.S.C. § 1332(d)(1)(B)**

26. Without conceding that there is any merit to the Complaint's allegations or claims, this action meets the CAFA definition of a "class action" which provides that "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). As noted in paragraph 8 above, in addition to its own claims for relief in its own name, the Association "also seeks damages on behalf of the Owners on some causes of action pursuant to" the CCIOA. Complaint ¶ 14. Section 38-33.3-302(1) of CCIOA is a "State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action," 28 U.S.C. § 1332(d)(1)(B), in that it provides that a homeowners' association may "institute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community[.]" C.R.S. § 38-33.3-302(1)(d). *See D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 459, 215 P.3d 697, 704

(2009) ("representative actions filed by homeowners' associations [under the Act] are amenable to the same treatment as class action lawsuits brought by individual homeowners [and] where a homeowners' association brings suit on behalf of its members, a [defendant] may . . . challenge whether the associations' claims are subject to class certification [in which] the district court must conduct and document a thorough [Rule] 23 analysis."); *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 124 P.3d 530 (2005) (court to determine whether such actions under the Act are "appropriate for class action treatment"); *Beazer Homes Holding Corp. v. Dist. Ct.*, 128 Nev. 723, 732, 291 P.3d 128, 134-135 (2012) (court to decide if such representative actions under the Act should be "treated like a class action"). *See also* Restatement (Third) of Property (Servitudes) § 6.11 (2000) (in such suits, "the association functions much like the plaintiff in class-action litigation, and questions about the rights and duties between the association and the members with respect to the suit will normally be determined by the principles used in class-action litigation").[1]

### (2) Class Action Consisting of More than 100 Members

27. As the Association alleges, there are more than 560 fractional interest owners at the Resort on whose behalf it seeks to bring this action in a representative capacity under the CCIOA. Accordingly, the aggregate number of class members is greater than 100 persons for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

### (3) Minimum Diversity of Citizenship Exists

28. The required diversity of citizenship under CAFA is satisfied (a) where "any member of a class of plaintiffs is a citizen of a State different from any defendant" or (b) where

---

[1] CCIOA is Colorado's adoption of the Uniform Common Interest Ownership Act, which has been adopted in a number of other states including Nevada. *See High Noon at Arlington Ranch Homeowners Ass'n v. Eighth Judicial Dist. Ct.*, 402 P.3d 639, 647-648 (Nev. 2017).

"any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," 28 U.S.C. § 1332(d)(2)(A) and (B), both of which are satisfied in this case. As set forth in paragraphs 14-24 above, Defendants are citizens of Delaware, Florida and Illinois. The Association is a Colorado citizen, and according to Defendants' records, numerous fractional interest owners at the Resort are citizens of numerous states other than Delaware, Florida and Illinois, thus satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

**(4) Amount in Controversy Exceeds $5 Million**

29. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or claims, and as discussed further in paragraph 9 above, the amount in controversy here satisfies this jurisdictional threshold, as the damages sought by the putative Plaintiffs are in excess of that amount.[2]

**(5) No Exceptions to Jurisdiction Under CAFA Apply**

30. No exceptions to jurisdiction under CAFA, 28 U.S.C. §§ 1332(d)(4) and (5), apply because, upon information and belief, less than one third of the members of the putative class (the owners) are citizens of the State (Colorado) in which this action was filed, and no Defendant is a citizen of that State.

---

[2] For purposes of a CAFA removal, the "amount in controversy . . . is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

## **JOINDER AND RESERVATION OF DEFENSES AND RIGHTS**

31. All Defendants, who are each represented by the same, undersigned counsel, join in this Notice of Removal.

32. As of the date of the filing of this Notice of Removal, no further proceedings have been had in the State Court Action, and no hearings have been scheduled.

33. Defendants reserve all defenses, including, but not limited to lack of personal jurisdiction, insufficient process and service of process. In addition, Defendants do not concede that the Association states any claim for relief, or that it would be entitled to any relief. Nonetheless, the Association's claim, "whether well or ill-founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

34. Defendants reserve the right to amend or supplement this Notice of Removal as necessary.

WHEREFORE, Defendants give notice that the above-described action pending against them in the District Court of Pitkin County, Colorado is properly removed to this Court.

Dated: June 27, 2019

Respectfully submitted,

By: *s/ Naomi G. Beer*
   Naomi G. Beer
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:    303.572.6500
Fax:    303.572.6540
Email:  BeerN@gtlaw.com

-and-

Philip R. Sellinger
Roger B. Kaplan
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931-0677
Tel:    973.360.7900
Fax:    973-301.8410
Email:  SellingerP@gtlaw.com
        KaplanR@gtlaw.com
        MarxI@gtlaw.com

*Attorneys for Defendants*