IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01870-RM-GPG

**G.A. RESORT CONDOMINIUM ASSOCIATION, INC**., a Colorado Nonprofit Corporation,

*Plaintiff*,

v.

**ILG, LLC**, a Delaware limited liability company, **CHICAGO TITLE TIMESHARE TRUST, INC**., a Florida corporation, as Trustee for HPC TRUST, **GRAND ASPEN LODGING, LLC**, a Delaware limited liability company, **HPC DEVELOPER, LLC**, a Delaware limited liability company, **HPC OWNERS' ASSOCIATION, INC**., a Florida non-profit, **HV GLOBAL GROUP, INC.,** a Delaware corporation, **HV GLOBAL MANAGEMENT CORPORATION**, a Florida corporation, **HV GLOBAL MARKETING CORPORATION**, a Florida corporation, **HYATT HOTELS CORPORATION**, a Delaware corporation, and **MARRIOTT VACATIONS WORLDWIDE CORPORATION**, a Delaware corporation,

*Defendants.*

---

### DEFENDANTS' MOTION TO EXCEED PAGE LIMITATION

Defendants ILG, LLC ("ILG"), Chicago Title Timeshare Trust, Inc. ("Chicago Title"), Grand Aspen Lodging, LLC ("G.A. Lodging"), HPC Developer, LLC ("HPC Developer"), HPC Owners' Association ("HPC Owners Assn"), HV Global Group, Inc. ("HVGG"), HV Global Management Corporation ("HVGM"), HV Global Marketing Corporation ("HVG Marketing"), Hyatt Hotels Corporation ("Hyatt") and Marriott Vacations Worldwide Corporation ("MVWC") (collectively, "Defendants") respectfully seek leave to exceed the page limitation set forth in Rule IV(C)(1) of this Court's Practice Standards (Civil) with respect to their forthcoming motion to

1

dismiss the First Amended Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), by submitting a single, consolidated motion of no more than 40 pages, rather than three separate motions (of 20 pages each) filed on behalf of similarly situated groups of Defendants.

As supporting grounds, Defendants state as follows:

## CERTIFICATE OF CONFERENCE

1.      Pursuant to Local Rule 7.1(a), Defendants' counsel conferred with counsel for Plaintiff G.A. Resort Condominium Association, Inc. (the "Association") before making this motion and made a reasonable and good faith effort to resolve this dispute.  Specifically, on October 7, 2019, Defendants' counsel conferred with the Association's counsel and requested that they consent to Defendants' motion and request to submit a consolidated motion of no more than 40 pages. Defendants' counsel did not consent, but, rather, stated that they would consent to a consolidated motion by Defendants of no more than 30 pages.  Counsel were unable to resolve the dispute through further discussions. [1]

## GROUNDS FOR MOTION

2.      This case involves the Hyatt Grand Aspen Resort (the "Resort"), a fractional ownership resort in Aspen, Colorado, and is brought by the Association, which is the fractional owners' homeowners' association.  The essence of the claims in the Complaint is that, in June 2017, the entities that had dealings and a relationship with the Resort, the owners and the Association – namely, the Developer of the Resort (G.A. Lodging), the Resort's management company (HVGM), and the entity which administered the reservation and external exchange

---

[1] In the October 7, 2019 telephone conference, counsel for the Association advised that it will be voluntarily dismissing all claims against HVG Marketing and Hyatt pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

*ACTIVE 45035997v4*

program (HVGG) – improperly sold (or participated in the sale of) G.A. Lodging's leftover
fractional interests in the Resort to a timeshare trust called the HPC Portfolio Trust.

3.      The 76-page Complaint asserts 15 discrete causes of action, including claims for
breach of fiduciary duty by three defendants, breach of three separate contracts by three
defendants, breach of the implied covenant of good faith and fair dealing by three defendants
under three contracts, tortious interference with contract, constructive fraud by three of the
defendants, aiding and abetting the above breaches and conspiracy by the other defendants,
accounting, unjust enrichment, claims for violation of the Colorado Organized Crime and
Conspiracy Act, C.R.S. § 18-17-104 *et seq.* ("COCCA") and the Colorado Consumer Protection
Act, C.R.S. § 6-1-703 *et seq.* ("CCPA"), and alter ego allegations against several defendants.
These claims are asserted against 10 Defendants that fall into three distinct groups, each with
different interests and substantive grounds for the dismissal of the claims asserted against them.
The defendant groups consist of the following:

a.   The "GA/HV Defendants" which include G.A. Lodging, HVGM and HVGG.
As alleged in the Complaint, these Defendants had various contractual relationships and
allegedly owed fiduciary duties to the Association and the fractional owners.  The GA/HV
Defendants will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and will
directly challenge the sufficiency of Plaintiffs' substantive allegations of breach of fiduciary
duty, breach of contract, tortious interference with contract, constructive fraud, violation of
COCCA and CCPA, aiding and abetting, conspiracy, unjust enrichment, and for an accounting.

b.   The "HPC Portfolio Trust Defendants" which include Chicago Title, HPC
Owners Assn, and HPC Developer.  As alleged in the Complaint, the HPC Portfolio Trust
Defendants are involved in the HPC Portfolio Trust as the trustee, the homeowners' association,
the program developer, and the marketing company, respectively.  The HPC Portfolio Trust

3

Defendants will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6), asserting a lack of personal jurisdiction over them, and will also challenge the sufficiency of the Complaint as a "group pleading," broadly making allegations against all (or groups of) Defendants without sufficiently distinguishing among them, and failing to plead the claims for tortious interference with contract, aiding and abetting, and violations of COCCA and CCPA with the requisite specificity and particularity as against them.

        c.    The "<u>Parent Entity Defendants</u>" which are ILG and MVWC.  As alleged in the Complaint, Hyatt Hotels sold the GA/HV Defendants and their business to ILG in September 2014, and MVWC acquired ILG and its business in October 2018 (after the transfer of the Resort's remaining fractional interest inventory to the HPC Trust in June 2017).[2]  The Parent Entity Defendants will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6), asserting a lack of personal jurisdiction over them, and will also challenge the sufficiency of the Complaint as a "group pleading," broadly making allegations against all (or groups of) Defendants without sufficiently distinguishing among them, and failing to plead the claims for tortious interference with contract, aiding and abetting and violations of COCCA and CCPA with the requisite specificity and particularity as against them.  The Parent Entity Defendants will also challenge the sufficiency of the Complaint's alter ego allegations against them as parent entities of the GA/HV Defendants.

        4.    Given the large number of different claims and Defendants identified in the Complaint, and the three distinct Defendant groups – which have different interests and will focus on different claims, asserting different substantive arguments than the other Defendant groups – each distinct Defendant group would be entitled to file a separate motion to dismiss of

---

[2] As noted above, Plaintiff's counsel has advised that they will be withdrawing Plaintiff's claims against Hyatt.

ACTIVE 45035997v4

20 pages apiece under Rule IV(C)(1), for a total of 60 pages.  Rather than proceed in this fashion, Defendants propose that they submit a single, consolidated motion to dismiss of no more than 40 pages.  Defendants respectfully submit that it would be more efficient to present their arguments in this format.  In particular, doing so would eliminate the need to repeat facts and legal arguments common to all three Defendant groups across three separate motions to dismiss.

5.      This number of pages is requested because of Defendants' need adequately to: (a) set forth the background and facts at issue (including the jurisdictional facts necessary to address the Rule 12(b)(2) motions); (b) analyze several complex agreements that govern many of the Association's claims and that underlie the grounds upon which Defendants will be seeking to dismiss numerous claims; and (c) explain why Defendants are entitled to relief.  In addition, the complexity of the Complaint's underlying facts and claims and of the various motions to dismiss necessitates a longer submission than that likely contemplated by the Court's Practice Standard.

6.      Defendants consent to the Association submitting a consolidated response to the motion to dismiss with the same number of pages granted to Defendants.

WHEREFORE, Defendants respectfully request that this Court allow them to submit one consolidated motion to dismiss the Complaint of no more than 40 pages.

Dated:  October 7, 2019                    Respectfully submitted,

By: _s/ Naomi G. Beer_
    Naomi G. Beer
GREENBERG TRAURIG, LLP
1144 Fifteenth Street, Suite 3300
Denver, Colorado 80202
Tel:      303.572.6500
Fax:     303.572.6540
Email:   BeerN@gtlaw.com

*ACTIVE 45035997v4*

-and-

Philip R. Sellinger
Roger B, Kaplan
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931-0677
Tel:     973.360.7900
Fax:     973-301.8410
Email:  SellingerP@gtlaw.com
           KaplanR@gtlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2019, a true and accurate copy of the foregoing **DEFENDANTS' MOTION TO EXCEED PAGE LIMITATION** was filed and served with the Clerk of the Court via ECF, which will send notification to the following:

Matthew C. Ferguson
Michelle K. Schindler
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Ste. 201
Aspen, CO 81611

*Via Email Only*
Tyler Meade
Annie Decker
The Meade Firm, P.C.
12 Funston Ave., Ste. A
San Francisco, CA 94129
tyler@meadefirm.com
annie@meadefirm.com

*Via Email Only*
Michael J. Reiser
Reiser Law, P.C.
1475 N. Broadway, Ste. 300
Walnut Creek, CA 94596
michael@reiserlaw.com

*s/ Cindy Knowles*
Cindy Knowles
*(Original on file at offices of Greenberg Traurig,*
*LLP, pursuant to C.R.C.P. 121, § 1-26)*

6