IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 19-cv-01870-RM-GPG

**G.A. RESORT CONDOMINIUM ASSOCIATION, Inc.**

Plaintiff,

v.

**ILG, LLC**, *et al.*,
Defendants.

---

**DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN FURTHER SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Pursuant to D.C. Colo. L. Civ. R. 7.1(f), Defendants submit this filing to notify the Court of a new decision from a similar Colorado district court case, *RCHFU, LLC, et al. v. Marriott Vacations Worldwide Corporation, et al.*, 2020 U.S. Dist. LEXIS 48422 (D. Colo. Mar. 20, 2020). (Exhibit A, hereto). In that decision, Chief Judge Philip A. Brimmer held that a management agreement imposed no fiduciary duty on the management company for decisions related to reservations and affiliation with a timeshare exchange program. That case arises under a management agreement that, in relevant aspects, is identical to the management agreement at issue here; and, in both cases, plaintiffs respectively assert breach of fiduciary duty claims by companies managing fractional interest resorts for entering into affiliation/exchange agreements between the resorts and points-based vacation clubs. Judge Brimmer held, under the management agreement at issue there, that the homeowners' association had delegated to RC Management (the management company) power and control sufficient to create a fiduciary relationship "as to certain matters defined in the Management Agreement;" but "finding that

RC Management was a fiduciary of plaintiffs as to some duties defined in the Management Agreement d[id] not mean that RC Management was a fiduciary regarding the reservation and affiliation matters." *Id.* at 26-27.  More specifically, Judge Brimmer found that the Management Agreement "did not contemplate that RC Management ha[d] any duties related to, or any control over, business decisions relating to affiliating Aspen Highlands with other entities," and that "RC Management's duties arising from the governing documents do not extend to reservation or affiliation matters." *Id.* at 28-29. Thus, Judge Brimmer held, as a matter of law, that the management agreement did not give rise to a fiduciary duty on those grounds.  *Id.*[1]

Dated: April 1, 2020

Respectfully submitted,

By: *s/ Philip R. Sellinger*
    Philip R. Sellinger
    Roger B. Kaplan

GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07931-0677
Tel:    973.360.7900
Fax:   973-301.8410
Email:  SellingerP@gtlaw.com
          KaplanR@gtlaw.com

-and-

Naomi G. Beer
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:    303.572.6500
Fax:   303.572.6540
Email:  BeerN@gtlaw.com

*Attorneys for Defendants*

---

[1] While *RCHFU* was decided on a motion for summary judgment, Judge Brimmer relied solely on the governing documents in ruling on the scope of fiduciary duty on that issue.

# CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2020, a true and accurate copy of the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL NEW AUTHORITY SUBMITTED IN FURTHER SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** was filed and served with the Clerk of the Court via CM/ECF filing system, which will send notification to the following:

Michael J. Reiser
Law Office of Michael J. Reiser
1475 N Broadway, Suite 300
Walnut Creek, CA 94596
*Counsel for Plaintiffs*

Matthew C. Ferguson
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611
*Counsel for Plaintiffs*

Tyler R. Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, CA 94129
*Counsel for Plaintiffs*

Linda Pham Lam
Michael Schrag
Gibbs Law Group LLP
505 14th Street, Suite 1100
Oakland, CA 94612
*Counsel for Plaintiffs*

*s/ Gregory Scavelli*
Gregory Scavelli

*(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)*