**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 19-CV-01870-RM-GPG

G.A. RESORT CONDOMINIUM ASSOCIATION,
INC., a Colorado Nonprofit Corporation,

    Plaintiff,

v.

ILG, LLC, a Delaware limited liability company,
CHICAGO TITLE TIMESHARE LAND TRUST,
INC., a Florida corporation, as Trustee for HPC
TRUST,
GRAND ASPEN LODGING, LLC, a Delaware
limited liability company,
HPC DEVELOPER, LLC, a Delaware limited
liability company,
HPC OWNERS' ASSOCIATION, INC., a Florida
non-profit,
HV GLOBAL GROUP, INC., a Delaware
corporation,
HV GLOBAL MANAGEMENT CORPORATION,
a Florida corporation, and
MARRIOTT VACATIONS WORLDWIDE
CORPORATION, a Delaware corporation,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS DISCOVERY
WITH RESPECT TO DEFENDANTS ILG, LLC AND
MARRIOTT VACATIONS WORLDWIDE CORPORATION**

---

1

This matter comes before the Court on Defendants ILG, LLC (ILG), Chicago Title Timeshare Land Trust, Inc. (Chicago Title), Grand Aspen Lodging, LLC (G.A. Lodging), HPC Developer, LLC (HPC Developer), HPC Owners' Association, Inc. (HPC Owners' Assn), HV Global Group, Inc. (HVGG), HV Global Management Corporation (HVGM), and Marriott Vacations Worldwide Corporation's (MVWC) (collectively, Defendants) Motion to Stay Merits Discovery with Respect to Defendants ILG, LLC and Marriott Vacations Worldwide Corporation, (D. 71)[1], Plaintiff's response (D. 81), and Defendants' reply (D. 91). The motion has been referred to this Magistrate Judge. (D. 73).[2] The Court has reviewed the pending motion, response, reply, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary. For the reasons that follow, the Court GRANTS the motion to stay discovery.

I.   FACTS

This Court has already detailed the facts of this case in its prior Recommendation and will not do so here. Plaintiff originally filed this action in the Colorado state court, and Defendants removed the action pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453. (D. 1, p. 2). A Scheduling Conference was held on December 13, 2019. (D. 79). Defendants filed their motion to stay discovery regarding ILG and MVWC on December 6, 2019. (D. 71). Defendants filed a Notice of Supplemental New Authority on April 1, 2020 (D. 98), to which Plaintiff filed a Response (D. 99). On April 22, 2020, this Court issued an Order Amending the Case Plan and

---

[1] "(D. 71)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is nondispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this nondispositive Order within fourteen (14) days. FED. R. CIV. P. 72(a).

2

Schedule in the Scheduling Order. (D. 100). On July 2, 2020, this Court recommended granting in part and deferring in part Defendants' motion to dismiss the Second Amended Complaint. (D. 101). Specifically, this Court recommended dismissing ILG and MVWC pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and denying the Plaintiff's request for jurisdictional discovery. (*Id*., pp. 20-21).

## II.     LEGAL STANDARD

Courts in this District generally disfavor the stay of *all* discovery. *See Rocha v. CCCF Admin.*, No. 09–cv–01432–CMA–MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010) (emphasis added). Nevertheless, the decision to grant or deny a motion to stay discovery is vested in the district court's discretion. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power for a court to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is appropriate, the court should consider the: (1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay"; (2) "burden on the defendants"; (3) "convenience to the court"; (4) "interests of persons not parties to the civil litigation"; and (5) "public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers of Am.*, 322 F.3d at 1227.

"Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10-CV-00824-REB-MEH,

2011 WL 1482942, at *2 (D. Colo. Apr. 19, 2011) (listing cases). While courts may be less inclined to stay discovery pending resolution of a Rule 12(b)(6) Motion to Dismiss, *see, e.g., De Leon v. Marcos*, No. CIVA09CV-02216MSKMEH, 2009 WL 3756374, at *1 (D. Colo. Nov. 9, 2009), courts may be more inclined to stay discovery if the motion impacts immunity or jurisdictional issues, *see, e.g., Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

### III.   ANALYSIS

In weighing the factors outlined in *String Cheese Incident*, this Court finds that a stay of discovery regarding ILG and MVWC is appropriate in this case. Regarding the first factor, this Court addresses the Plaintiff's interest in proceeding expeditiously with the case and any potential prejudice it might suffer if there was a delay. Plaintiff opposes the motion to stay discovery, arguing that it will unduly delay its recovery of damages and the allegedly wrongful profits reaped by Defendants. (D. 81, p. 4). However, this Court is not staying all discovery, but rather only the discovery pertaining to ILG and MVWC. A stay of discovery regarding ILG and MVWC is appropriate until the District Court adopts, rejects, or modifies the Report and Recommendation made by this Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); (D. 101). Thus, this Court finds that the first *String Cheese Incident* factor weighs in favor of granting the Defendants' motion to stay discovery.

Turning to the second factor, this Court finds that the Defendants have demonstrated that proceeding with discovery for ILG and MVWC presents an undue burden. "[S]ubjecting a party

to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955, at *2. Considering this Court's Recommendation to grant Defendants' motion to dismiss ILG and MVWC due to the lack of personal jurisdiction, the second factor weighs heavily in favor of granting Defendants' motion to stay discovery.

Consideration of the final three *String Cheese Incident* factors does not weigh in favor of the Plaintiff. While the Court might typically disfavor staying discovery, here, judicial efficiency would be best served by resolving the pending motion. *See Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending."). Regarding the fourth factor, Plaintiff argues that the Owners have a significant interest in proceeding with merits discovery against ILG and MVWC. However, this interest does not tip the balance in favor of denying Defendants' motion to stay discovery because (1) the Owners' interests are represented by the Plaintiff and (2) merit discovery against the other Defendants would not be stayed. Finally, regarding the fifth factor, "the general public's primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). Accordingly, the fifth factor weighs in favor of granting a stay of discovery pertaining to ILG and MVWC.

Accordingly, after considering all the *String Cheese Incident* factors, a stay of discovery pertaining to ILG and MVWC is appropriate in this case.

IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

(1)     Defendants' motion to stay discovery (D. 71) is GRANTED.

(2)     Discovery in this matter regarding Plaintiff's claims against ILG and MVWC is STAYED pending the District Court's resolution of Defendants' Motion to Dismiss ILG and MVWC Under Rule 12(b)(2).  (D. 55, D. 101).

(3)     Within three (3) business days of the District Court's disposition of Defendants' Motion to Dismiss ILG and MVWC under Rule 12(b)(2), the Parties will CONTACT the chambers of this Magistrate Judge to schedule a Status Conference to discuss further discovery and advise whether a new Scheduling Order should be submitted.

Dated at Grand Junction, Colorado this July 7, 2020.

Gordon P. Gallagher
United States Magistrate Judge