IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  19-cv-01870

G.A. RESORT CONDOMINIUM ASSOCIATION, INC., a
Colorado Nonprofit Corporation,

      Plaintiff,

v.

ILG, LLC., a Delaware limited liability company, *et al.*,

      Defendants.

---

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS,
PRIVILEGED DOCUMENTS AND INADVERTENT
DISCLOSURE OF PRIVILEGED DOCUMENTS**

---

      Based on the stipulation of Plaintiff G.A. Resort Condominium Association, Inc. (the "Association") and Defendants ILG, LLC, Chicago Title Timeshare Land Trust, Inc., Grand Aspen Lodging, LLC, HPC Developer, LLC, HPC Owners' Association, Inc., HV Global Group, Inc., HV Global Management Corporation, and Marriott Vacations Worldwide Corporation (collectively, "Defendants," and, together with the Association, the "Parties"), and all the files, records, and proceedings in this action, **IT IS HEREBY ORDERED** that Confidential information be disclosed only as follows:

      1.     As used in this Stipulated Protective Order Regarding Confidentiality of Discovery Materials ("Protective Order"), these terms have the following meanings:

            a.   "Attorneys" means counsel of record and their respective partners, of counsel, associates, paralegals, and similar professional or paraprofessional staff;

    b. "Confidential" documents are documents designated pursuant to paragraph 2;

    c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    d. "Outside Vendors" means messenger, copy, coding, and other clerical-service companies or individuals not employed by a party or its Attorneys but providing litigation support; and

    e. "Written Assurance" means an executed document in the form attached as **Exhibit A**.

2. A Party may designate as "Confidential" only those documents that constitute, contain, reveal or disclose trade secrets, proprietary or other confidential research, development, commercial or competitively sensitive information within the scope of Fed. R. Civ. P. 26(c)(1)(G), including documents produced in discovery, interrogatory responses, other written discovery responses, or portions of transcripts of depositions or hearings. Mass or indiscriminate designations of documents as Confidential without considering the appropriateness of that designation for the documents being produced is prohibited; provided, however, that this does not prohibit the designation of specific categories of documents (e.g., non-public Board minutes, internal/non-public financial statements; non-public marketing plans; non-public competitive analyses).

3. All Confidential documents and information, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such Confidential documents or information shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents or information to any person other than those specified in this paragraph or paragraph 4 below.  Any other use is prohibited.

4. Access to any Confidential document or information shall be limited to:

    a. the Court and its staff;

    b. Attorneys, their law firms and their Outside Vendors;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. the parties, and employees and former employees of the parties, and third party witnesses or deponents who have knowledge relevant to this litigation; and

    f. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with or otherwise associated with any party) who are retained by a party or its Attorneys to furnish technical, consulting or expert services, or to provide assistance as mock jurors or focus group members or the like, or to give testimony in this action.

5. Non-parties producing documents in the course of this action pursuant to subpoena may also designate documents or information as Confidential subject to the same protections and constraints as the parties. A copy of this Protective Order may be served along with any subpoena served in connection with this action. All documents or information produced by such non-parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents or information as Confidential pursuant to the terms of this Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential documents or information shall execute a "Written Assurance" in the form attached as **Exhibit A**. Opposing counsel shall be notified at least ten days before disclosure to any such person who is known to be a current employee of any competitor of the party whose designated documents or information are sought to be disclosed. Such notice shall provide a reasonable description of the position of the competitor's employee to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within seven days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. Any portion of a deposition taken in this action satisfying the requirements of Paragraph 2, above, may be designated as Confidential and thereby obtain the protections accorded other Confidential documents and information. Confidentiality designations for portions of depositions (by page and line number) shall be made by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents or information as Confidential shall, promptly upon discovery of his, her or its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents or information shall retrieve such documents or information from persons not entitled to receive those documents and, upon receipt of the substitute documents or information, shall return or destroy the improperly-designated documents. The reasonable cost of doing so shall be reimbursed by the party who inadvertently misidentified the documents.

9. Any document falling within the scope of any request for production or subpoena, and not otherwise objected to, that is withheld on the basis of a claim of attorney-client privilege, work product or any other claim of privilege or immunity from discovery shall be identified by the producing Party in a privilege log, which the producing party shall produce in an electronic format that allows text searching and organization of data, consistent with Fed. R. Civ. P. 26(b)(5). An email thread contained within a single document need only be recorded once on the

producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread. Privilege log identification is not required for communications exchanged between the producing Party and their litigation counsel or among counsel for the producing Party after the date of filing of this action.

10. For each document for which a producing Party asserts that a privilege applies, the producing Party shall include in the privilege log the information required by Fed. R. Civ. P. 26(b)(5), including the following: (a) a statement of the privilege(s) or protection(s) asserted as the basis for withholding such document or portion of such documents; (b) the date of the document or communication; (c) the identity of its author and/or signatories and to whom it was sent; (d) whether the asserted privilege(s) also apply to any attachments; (e) an indication of all authors, signatories or recipients of the document who are attorneys; (f) a statement as to whether the entire document has been withheld or whether only a portion has been withheld and redacted, and the Bates number of the redacted document; and (g) a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a Party to assess the validity or efficacy of the privilege or protection claimed.

11. Notwithstanding a claim of privilege or protection, any purportedly privileged document containing responsive and non-privileged matter shall: (a) be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (b) listed on the privilege log to be provided above.

12. In the event that a producing Party claims that it inadvertently failed to designate any production materials or other information as privileged, work product or other protected materials, it shall promptly notify the adverse Parties to whom such material was produced or

disclosed of the producing Party's intent to assert a claim of privilege, work product or other protection over such materials.

(a)  Upon such notice, the receiving Party, if it intends to challenge the designation of the document(s), shall promptly inform the producing Party of its intent to challenge the designation, and shall immediately sequester and refrain from using or referring to any copies of the document(s) pending the Producing party's motion and the Court's resolution of such motion.  The Producing party shall, within 14 days after receipt of the receiving Party's challenge, file a motion to designate the produced material as privileged, work product or other protected materials and to require the return of such material.

(b)  If the receiving Party does not intend to challenge the designation of the document(s), the receiving Party shall so notify the Producing party and shall promptly refrain from further copying or distribution of the subject materials and shall promptly return or destroy all copies of the subject materials.

(c)  Where the Parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client privilege, work product doctrine or other protection, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the producing Party shall promptly provide replacement production to the receiving Party.

(d)  Subject to the foregoing procedure, the inadvertent production by any producing Party, whether in this action or in any other proceedings, of materials subject to a claim of privilege, work product or other protection shall not, solely as a result of

such production, result in a waiver of any such protection in this action or any other action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter.  Whether a waiver occurred in this action, or in any other action, shall be decided by the court presiding over such action before such produced materials can be used by the receiving party. Subject to and until such court determination, the fact of production of a document in this action may not be used as basis for arguing in any other proceeding that a claim of privilege, work product or other protection has been waived as to that document.

13. Nothing in this Protective Order shall relieve counsel for any receiving Party of any existing duty or obligation, whether established by case law, rule of Court, regulation or other source, to return, and not to review, any privileged, work product or other protected materials without being requested by the producing Party to do so.  Rather, in the event a receiving Party becomes aware that it is in possession of what appears to be an inadvertently produced privileged or protected document, then counsel for the receiving Party shall immediately: (a) cease any further review of that document; and (b) notify the producing Party of the apparent inadvertent production, inquiring whether the producing Party intended for the document to be produced.  In the event the producing Party confirms the inadvertent production of the privileged or protected document, the receiving Party shall promptly return or destroy all copies of the inadvertently produced privileged document in its possession and take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties. Alternatively, if the receiving Party intends to contest the claim of privilege or protection from production, the receiving Party shall promptly sequester the

inadvertently produced privileged document, and shall take reasonable steps to retrieve or sequester all copies distributed to other persons or non-parties.

14. If a Party seeks to restrict an adverse Party from filing a document containing Confidential information with the Court, it shall file a motion in compliance with applicable law, including Local Civil Rule 7.2.  This Protective Order does not apply to the use of Confidential documents or information at a court hearing or trial.  Pursuant to applicable law, a Party may seek further protections from the Court against the disclosure of Confidential documents or information at a hearing or at trial.

15. Any Party may object to the designation of any information designated as Confidential.  Any such document shall be treated as designated until the objection is resolved unless there is undue delay by the designating Party in filing a motion to preserve such designation. If the objection to designation is not agreed to following prompt good faith meet and confer discussions that shall not exceed 21 days absent exceptional circumstances, the Party seeking to treat the material as Confidential shall move the Court for appropriate relief within 14 days, providing notice to any Party whose designation of produced documents as Confidential in the action may be affected.  The Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(G).

16. Within 60 days of the termination of this action, including any appeals, each Party shall use reasonably diligent efforts to either destroy or return to the producing Party all Confidential documents or information produced by any other parties in this action; provided however, this shall not require  a search of all emails to determine whether Confidential documents or information are contained in or attached to such emails; and provided, further,

however, the restrictions contained in this Order shall continue to apply to any emails or other documents that contain Confidential documents or information. Each Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

18. Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to the discoverability or admissibility of any evidence.

20. The obligations imposed by this Protective Order shall survive the termination of this action.

Dated: July 15, 2020

                        U.S. MAGISTRATE JUDGE
                        Gordon P. Gallagher

Approved and Agreed to:

| | |
|---|---|
| s/ Matthew C. Ferguson  Date: July 15, 2020<br>By: Matthew C. Ferguson, # 25687<br>THE MATTHEW C. FERGUSON LAW FIRM, P.C.<br>119 South Spring, Suite 201<br>Aspen, CO 81611<br>Telephone: (970) 925-6288<br>Facsimile: (970) 925-2273<br>E-mail: matt@matthewfergusonlaw.com<br><br>/s Tyler Meade Date: July 15, 2020<br>By: Tyler Meade<br>THE MEADE FIRM, p.c.<br>12 Funston Ave., Suite A<br>San Francisco, CA 94129 | s/ Roger B. Kaplan  Date: July 15, 2020<br>By: Roger B, Kaplan<br>    Philip R. Sellinger<br>GREENBERG TRAURIG, LLP<br>500 Campus Drive, Suite 400<br>Florham Park, NJ 07931-0677<br>Telephone: (973) 360-7900<br>Facsimile: (973) 301-8410<br>Email:  KaplanR@gtlaw.com<br>          SellingerP@gtlaw.com<br>   - and -<br>Naomi G. Beer, Esq.<br>GREENBERG TRAURIG, LLP<br>1144 Fifteenth Street, Suite 3300 |

9

Telephone: (415) 724-9600
Facsimile: (415) 510-2544
E-mail: tyler@meadefirm.com

s/ Michael J. Reiser Date: July 15, 2020
By: Michael J. Reiser
REISER LAW, P.C.
1475 N. Broadway, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
*Attorneys for Plaintiff G.A. Resort Condominium Association, Inc.*

Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: beern@gtlaw.com
*Attorneys for Defendants ILG, LLC, Chicago Title Timeshare Land Trust, Inc., Grand Aspen Lodging, LLC, HPC Developer, LLC, HPC Owners' Association, Inc., HV Global Group, Inc., HV Global Management Corporation, and Marriott Vacations Worldwide Corporation*

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order Regarding Confidentiality of Discovery Materials (the "Protective Order") dated _____ , 2020, filed in Case No. 19-cv-01870, pending in the United States District Court for the District of Colorado.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practicable, but no later than 30 days after final termination of this action, I shall use reasonably diligent efforts to either destroy or return to the attorney from whom I have received them, any documents in my possession designated Confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

1

Executed on _____        _____
                (Date)                                                        (Signature)

2

*ACTIVE 48286914v1*