IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01870-RM-GPG

G.A. RESORT CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

ILG, LLC, a Delaware limited liability company,
CHICAGO TITLE TIMESHARE LAND TRUST, INC., a Florida corporation, as trustee for the HPC Trust,
GRANT ASPEN LODGING, LLC, a Delaware limited liability company,
HPC DEVELOPER, LLC, a Delaware limited liability company,
HPC OWNERS' ASSOCIATION, INC., a Florida nonprofit organization,
HV GLOBAL GROUP, INC., a Delaware corporation,
HV GLOBAL MANAGEMENT CORPORATION, a Florida corporation, and
MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on the July 2, 2020, recommendation of United States Magistrate Judge Gordon P. Gallagher (ECF No. 101) to grant in part Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 55) because the Court lacks specific personal jurisdiction over Defendants ILG, Inc. and Marriott Vacations Worldwide Corporation ("MVWC"). With the exception of this issue, the magistrate judge deferred making a recommendation on the motion to dismiss. Plaintiff objects to the recommendation only indirectly, citing pages 36-40 of its opposition to the motion to dismiss (ECF No. 86) but raising

no new arguments as to the recommendation itself.[1]  For the reasons below, the Court overrules Plaintiff's objection, accepts and adopts the recommendation, which is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and grants in part the motion to dismiss.

I.      **LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Colorado's long-arm statute extends jurisdiction to the full extent of the Constitution; therefore, whether a federal district court has personal jurisdiction over a defendant depends on (1) whether the defendant has such minimum contacts with the forum state that [it] should reasonably anticipate being haled into court there, and (2) whether the exercise of personal

---

[1] Although Plaintiff did not obtain the Court's leave to incorporate by reference the arguments raised in its opposition, the Court considers those arguments raised therein for the purpose of ruling on the recommendation.  *See* Civ. Practice Standard IV.A.

jurisdiction over the defendant offends traditional notions of fair play and substantial justice. *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014).

## II. BACKGROUND

Plaintiff is a homeowners' association that represents more than 500 owners of fractional timeshare interests in the Grand Aspen Resort. Plaintiff alleges that Defendants diminished the value of the owners' interests by shifting from a deed-based to a points-based timeshare program and other means. Plaintiff also alleges that Defendant ILG acquired and was the parent entity of Defendants Grand Aspen Lodging, LLC, HV Global Group, Inc., and HV Global Management Corporation until it was subsequently acquired by Defendant MVWC.

## III. ANALYSIS

The magistrate judge determined that Plaintiff's allegations are insufficient to show that Defendants ILG and MVWC have sufficient "minimum contacts" with Colorado to support a finding of specific jurisdiction. The magistrate judge found that neither Defendant targeted its actions at Colorado and that the acts of their subsidiaries do not provide a basis for specific jurisdiction. The magistrate judge further found that Plaintiff's bare allegations that these Defendants were part of a broader conspiracy are insufficient to establish personal jurisdiction. The magistrate judge also found that the allegations are insufficient to make even a prima facie showing that these Defendants are the alter egos of other entities over which there is jurisdiction. Finally, the magistrate judge concluded that Plaintiff's request for jurisdictional discovery should be denied because Plaintiff had not shown the existence of any pertinent factual dispute.

As noted above, Plaintiff has not argued why the magistrate judge's determinations are incorrect and relies solely on the arguments presented in its opposition to the motion to dismiss.

3

But nothing in the opposition shows there are factual or legal issues that are truly in dispute or establishes that Plaintiff is entitled to jurisdictional discovery.  The Court discerns no basis for rejecting the magistrate judge's recommendation.

IV.  **CONCLUSION**

Therefore, the Court OVERRULES Defendant's objection (ECF No. 107), ACCEPTS and ADOPTS the recommendation (ECF No. 101), and GRANTS IN PART the motion to dismiss (ECF No. 55).  In all other respects, the motion to dismiss remains referred to the magistrate judge for a further recommendation.

DATED this 30th day of July, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge