# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:19-cv-01870-RM-GPG

G.A. RESORT CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

CHICAGO TITLE TIMESHARE LAND TRUST, INC., a Florida corporation, as trustee for the HPC Trust,
GRANT ASPEN LODGING, LLC, a Delaware limited liability company,
HPC DEVELOPER, LLC, a Delaware limited liability company,
HPC OWNERS' ASSOCIATION, INC., a Florida nonprofit organization,
HV GLOBAL GROUP, INC., a Delaware corporation, and
HV GLOBAL MANAGEMENT CORPORATION, a Florida corporation,

    Defendants.

---

## ORDER
---

    This matter is before the Court on Defendants' motion for a temporary restraining order (ECF No. 111), which seeks to enjoin Plaintiff from holding a notice of violation hearing currently scheduled for tomorrow, August 4, 2020. The motion has been fully briefed (ECF Nos. 117, 118, 120), and a hearing was held on July 31, 2020. The Court denies the motion for the reasons below.

**I.    BACKGROUND**

    Plaintiff is a homeowners' association that represents more than 500 owners of fractional timeshare interests in the Grand Aspen Resort. Plaintiff filed this lawsuit in state court in May 2019, alleging that Defendants diminished the value of the owners' interests by shifting

from a deed-based to a points-based timeshare program and other means.  Plaintiff also alleges that Defendants violated various provisions of the resort's governing documents.

After the case was removed to this Court, Plaintiff agreed to withdraw its demand for a jury, and Defendants agreed to waive any right to arbitration.  Pursuant to the parties' stipulation (ECF No. 48), the Court entered an order memorializing that agreement (ECF No. 52).  Defendants' motion to dismiss the second amended complaint has been granted in part but remains pending before the magistrate judge.  (*See* ECF No. 114.)

On July 17, 2020, Plaintiff issued a notice of violation to Defendant HPC Developer, LLC and the HPC Trust, which is represented by Defendant Chicago Title Timeshare Land Trust, Inc., declaring that a hearing on the notice would be held on August 4, 2020.  Defendants responded by filing a motion for a temporary restraining order enjoining Plaintiff from holding the hearing because the issues raised in the notice mirror the issues raised in this lawsuit.  Defendants seek relief under the All Writs Act, 28 U.S.C. § 1651, and the Colorado Common Interest Ownership Act ("CCIOA") and further contend that Plaintiff is judicially estopped from holding the August 4 hearing.

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     All Writs Act

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  However, a court's authority under the Act "is to be used sparingly and only in the most critical and exigent circumstances."  *Wis. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (quotation omitted).  Such relief is proper only when it is necessary or

appropriate in aid of the court's jurisdiction and the right to relief is indisputably clear. *Id.* The petitioning party bears the burden of showing that it is entitled to this extraordinary remedy. *See id.*

Defendants first argue that Plaintiff should be enjoined from holding the August 4 hearing, or any subsequent hearing, "to preserve the Court's jurisdiction." (ECF No. 111 at 2.) In arguing that they do not need to satisfy the requirements for a preliminary injunction pursuant to Fed. R. Civ. P. 65 (*see* ECF No. 118 at 4), Defendants appear to concede that they cannot demonstrate a likelihood of success on the merits, irreparable harm, or one or more of the other requirements for such an injunction. But in any event, they fail to cite a single example where the All Writs Act provided a basis for relief under analogous circumstances. (*See id.* at 7.) Moreover, they concede that allowing the August 4 hearing to occur would not *completely* usurp the Court's jurisdiction, asserting that if the hearing occurs, "the Court's role in this matter will be reduced to reviewing [Plaintiff's] Executive Board's decision." (ECF No. 111 at 13.) Defendants have not shown that such review would not be an adequate means to obtain relief in this matter. Indeed, because Defendants do not assert any counterclaims in this case, the only relief they are seeking is to successfully defend themselves against Plaintiff's claims. Although Defendants would prefer to litigate those claims solely in this Court, they have not shown that they have a clear and indisputable right not to have to litigate a subset of those claims via the process set forth in the resort's governing documents. Accordingly, the Court is not persuaded that Defendants are entitled to the extraordinary relief prescribed by the All Writs Act.

### B. CCIOA

Under the CCIOA, a Colorado homeowners' association may not fine any unit owner for an alleged violation unless it has adopted written policy governing the imposition of fines and has a fair and impartial fact-finding process that allows the unit owner notice and an opportunity to be heard before an impartial decision maker. *See* Colo. Rev. Stat. § 38-33.3-209.5. In addition, the CCIOA imposes an obligation of good faith in its performance and enforcement. *See* Colo. Rev. Stat. § 38-33.3-113.

Defendants contend that the August 4 hearing would contravene the CCIOA because it would not be undertaken by an impartial decision maker or in good faith. (ECF No. 111 at 15.) But Defendants cite nothing in the CCIOA that precludes Plaintiff from issuing the notice of violation in this case and then holding a hearing on it. Defendants' conclusory allegations that the procedure would be unfair are a far cry from the showing in *Anderson v. Applewood Ass'n*, 2016 COA 162, ¶ 1, where the homeowners' association held special meetings that clearly violated its bylaws. There, the Colorado Court of Appeals determined that courts have authority to enjoin such violations in cases where the party seeking relief can show both noncompliance and harm. *Id.* Defendants have shown neither—it is far from clear that the August 4 hearing will violate any provision of the CCIOA, and the alleged harm Defendants face is speculative at this stage. As Defendants correctly note, the enforcement policy at issue here clearly contemplates administrative proceedings as well as actions in law. Defendants' have presented no compelling argument or evidence that these remedies must be mutually exclusive. And they have not shown that the Plaintiff lacks the ability to be impartial or to proceed in good faith within the meaning of the CCIOA. Further, Defendants acknowledge that the outcome of such a

proceeding is subject to judicial review. Therefore, the Court declines to enjoin Defendants from holding the August 4 hearing based on Defendants' allegations that it will violate either Plaintiff's own policies or the CCIOA.

C. **Judicial Estoppel**

Under the doctrine of judicial estoppel, where a party succeeds in maintaining a certain position in a legal proceeding, it may not thereafter assume a contrary position simply because its interests have changed, especially if such position will prejudice a party that has acquiesced in the former position. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005). Courts have applied the doctrine when (1) a party's later position is clearly inconsistent with its earlier position, (2) the party has succeeded in persuading a court to accept its earlier position, and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Id.*

Defendants' final argument is that Plaintiff is judicially estopped from issuing the notice of violation in this case because of the parties' stipulation with respect to waiving their rights to arbitration and a jury trial. But Defendants have failed to establish the first and third elements cited above. First, neither the stipulation nor the order withdrawing Plaintiff's jury demand expressly prohibits Plaintiff from issuing the notice and setting a hearing. Defendants have not cited any other evidence to support their position that Plaintiff promised to litigate its claims exclusively in this Court and that Defendants gave up their right to arbitration in reliance on such a promise. Thus, Plaintiff's current position that it is entitled to proceed in this manner is not clearly inconsistent with a position it previously took. Second, even assuming for present purposes that Plaintiff needed to persuade the Court to accept its waiver of the right to a jury

5

trial, Defendants have made not shown that it would be unfair to allow Plaintiff to attempt to implement its enforcement provisions via the process set forth in those provisions. Nor have Defendants adduced any evidence to support their position that Plaintiff misled the Court by soliciting and obtaining the Court's confirmation of the stipulation. Defendants have cited no authority for the proposition that a homeowners' association may be barred from implementing an enforcement action against an entity simply because it has already sued that entity. The fact that such a proceeding is part of an expedited process that lacks the same procedural safeguards as a lawsuit does not render it fundamentally unfair. Therefore, there is no basis for applying the doctrine of judicial estoppel in this context.

### III. CONCLUSION

Accordingly, the motion for a temporary restraining order (ECF No. 111) is DENIED.

DATED this 3rd day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge