IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01870-RM-GPG

**G.A. RESORT CONDOMINIUM ASSOCIATION, INC.**,
Colorado Nonprofit Corporation,

*Plaintiff*

v.

**ILG, LLC**, a Delaware limited liability company
**CHICAGO TITLE TIMESHARE LAND TRUST, INC.**,
a Florida corporation, as Trustee for **HPC TRUST**,
**GRAND ASPEN LODGING, LLC**, a Delaware limited liability company,
**HPC DEVELOPER, LLC**, a Delaware limited liability company,
**HPC OWNERS' ASSOCIATION, INC.**, a Florida non-profit,
**HV GLOBAL GROUP, INC.**, a Delaware corporation,
**HV GLOBAL MANAGEMENT CORPORATION**, a Florida corporation,
**MARRIOTT VACATIONS WORLDWIDE CORPORATION**,
a Delaware corporation,

*Defendants*

_____

**PLAINTIFF'S MOTION TO STAY OR DEFER RULING ON DEFENDANTS' MOTION
FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**
_____

Plaintiff, G.A. Resort Condominium Association, Inc. ("Association"), a Colorado nonprofit corporation, by and through undersigned counsel, respectfully moves the Court for an order staying and deferring ruling on Defendants' Motion for Award of Attorneys' Fees and Expenses ("Fee Motion"), or in the alternative granting Plaintiff additional time to respond to the Fee Motion.  In support thereof, Plaintiff states as follows:

## CERTIFICATE OF CONFERRAL AND NOTICE

In accordance with D.C.COLO.LCivR 7.1, the undersigned counsel has conferred with counsel for Defendants via telephone concerning the relief requested herein.  Defendants oppose this motion.  The undersigned counsel also has provided notice to Plaintiff of this motion as required by D.C.COLO.LCivR 6.1

## INTRODUCTION

Defendants have submitted 383 pages in support of their Fee Motion.  They seek a total of $1,113,549.41 in fees and expenses.  Plaintiff intends to vigorously dispute the fees and expenses.  Much of the fees allegedly incurred were unnecessary and/or were not incurred on behalf of the moving defendants.  Plaintiff will request a hearing as there are numerous disputed facts at issue.[1]

The basis for Defendants' fee request is that they are the prevailing party as a result of the Court's November 30, 2020 Order dismissing Plaintiff's complaint.  Plaintiff, however, has appealed this order and seeks to reinstate certain claims.  If the Tenth Circuit reverses the dismissal on one or more claims, the Fee Motion, as well as all of the Court's and Plaintiff's work performed in connection therewith, will be rendered moot as the prevailing party determination cannot be determined until final resolution of the case.

Given the time and expense of responding to the Fee Motion, as well as the considerable judicial resources that will be expended in ruling on the Fee Motion, Plaintiff requests that the Court stay all brief and defer ruling on the Fee Motion until the Tenth Circuit rules on Plaintiff's appeal.

---

[1] *See* Fed. R. Civ. P. 54(d)(2)(C) (permitting a hearing in accordance with F.R.C.P. 43(c); *see also* *Michael A. Cramer, MAI, SRPA, Inc. v. United States*, 47 F.3d 379, 383 (10th Cir.1995) (finding "an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorneys fees"); *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 774 (10th Cir. 1999) (same).

# **ARGUMENT**

The 1993 Advisory Committee's notes to F.R.C.P. 54(d) provide: "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, *may defer its ruling on the motion, or may deny the motion without prejudice*...." Fed.R.Civ.P. 54, adv. comm. note to 1993 amendments (emphasis added).  Following this Advisory Committee's note, courts often defer ruling on fee motions or deny the motions without prejudice pending the resolution of an appeal on the merits. *Chung v. Lamb*, 14-CV-03244-WYD-KLM, 2019 WL 8060186, at *2 (D. Colo. Apr. 30, 2019) (string citing cases where fee motions have been deferred pending appeal, and ultimately, dismissing a fee motion without prejudice pending resolution of an appeal on the merits); *Tancredi v. Metro. Life Ins. Co*., 378 F.3d 220, 225–26 (2d Cir. 2004) (affirming the district court's stay of a fee motion until after the appeal); *Terra Venture Inc. v. JDN Real Estate--Overland Park*, L.P., CIV.A. 02-2593-CM, 2005 WL 2122644, at *1 (D. Kan. Aug. 8, 2005) ("The interests of judicial efficiency weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorneys' fees."); *Johnson v. Heath*, 2:17-CV-00416, 2020 WL 5659105, at *2 (D. Utah Sept. 23, 2020), ("the court concludes it is prudent to defer consideration of any issues concerning attorney fees until after Plaintiff's appeal has been resolved on the merits. Doing so will ensure finality on this issue and will conserve the resources of both the court and the parties."); *Hudson v. AIH Receivable Mgmt. Servs*., 10-2287-JAR, 2012 WL 13026795, at *1–2 (D. Kan. Dec. 7, 2012) (deferring the fee motion because the "interests of judicial efficiency and fairness weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorneys' fees in this matter.").  Factors considered by the court in these cases include judicial efficiency, fairness, and finality.  *Id.*

A stay is particularly appropriate where the appeal could impact the prevailing party determination.  *See* 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.151[1] (3d ed.2011) ("[I]f the status of the fee movant as a prevailing party is subject to serious challenge, the [trial] court may find it desirable to postpone any decision on fees until after an appeal has confirmed the merits judgment.").  The Tenth Circuit has routinely held that fee awards rendered before or during an appeal on the merits must be reconsidered when the overall success of the prevailing party has been altered on appeal. *See, e.g., Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001); *N. Tex. Prod. Credit Ass'n v. McCurtain County Nat'l Bank*, 222 F.3d 800, 819 (10th Cir. 2000); *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995); *Mann v. Reynolds*, 46 F.3d 1055, 1063 (10th Cir. 1995).

Here, the pending appeal could result in one or more claims being remanded for determination on the merits.  Such an outcome would alter the prevailing party determination and, thereby, require reversal or reconsideration of a fee award to Defendants.  In that scenario, the parties' briefs and the Court's work in reviewing the hundreds of pages of invoices and in hearing the disputed issues of fact would be rendered unnecessary and a waste of time.  Instead, the more efficient and prudent approach would be to defer ruling on the Fee Motion until final determination of the appeal.  In the event that the Tenth Circuit affirms the Court's dismissal order in its entirety, then the parties can proceed with briefing the Fee Motion at that time.  The short delay in waiting for the Tenth Circuit's ruling will not prejudice Defendants.  As such, in the interest of judicial economy, fairness and finality, Plaintiff requests that the Court stay all briefing and defer ruling on the Fee Motion until the Tenth Circuit issues a mandate on Plaintiff's appeal.

If the Court denies Plaintiff's requested stay, Plaintiff alternatively requests an additional 28 days (from entry of the Court's order) to submit its response to the Fee Motion.  Plaintiff's

response to the Fee Motion will take time to prepare given the voluminous submission and, therefore, requires this additional time to submit an appropriate response.

## **CONCLUSION**

WHEREFORE for the foregoing reasons, Plaintiff respectfully requests that the Court enter an order staying all briefing and deferring its ruling Defendants' Motion for Award of Attorneys' Fees and Expenses, or in the alternative grant Plaintiff an additional 28 days from entry of order on this motion to respond to the Fee Motion.

Dated: January 4, 2021

Respectfully submitted:

   */s/Michelle K. Schindler*
Michelle K. Schindler
The Matthew C. Ferguson Law Firm, P.C.
119 South Spring, Suite 201
Aspen, Colorado 81611

 */s/ Tyler r. Meade*
Tyler R. Meade
The Meade Firm P.C.
12 Funston Avenue, Suite A
San Francisco, CA 94129

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 4th day of January, 2021, a true and accurate copy of the foregoing **PLAINTIFF'S MOTION TO STAY OR DEFER RULING ON DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** will be filed and served via CM/ECF upon the following:

| | |
|---|---|
| Michael J. Reiser<br>Reiser Law, P.C.<br>1475 N. Broadway, Suite 300<br>Walnut Creek, CA 94596<br>michael@reiserlaw.com<br><br>Matthew C. Ferguson<br>The Matthew C. Ferguson Law Firm, P.C.<br>119 South Spring, Suite 201<br>Aspen, Colorado 81611<br>matt@matthewfergusonlaw.com<br><br>Tyler R. Meade<br>The Meade Firm P.C.<br>12 Funston Avenue, Suite A<br>San Francisco, CA 94129<br>tyler@meadefirm.com<br><br>*Attorneys for Plaintiff* | Naomi G. Beer, Esq.<br>Greenberg Traurig, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>BeerN@gtlaw.com<br><br>Philip R. Sellinger, Esq.<br>Roger B. Kaplan, Esq.<br>Ian S. Marx, Esq.<br>Greenberg Traurig, LLP<br>500 Campus Drive, Suite 400<br>Florham Park, N\|J 07932<br>SellingerP@gtlaw.com<br>KaplanR@gtlaw.com<br>MarxI@gtlaw.com<br>SellingerP@gtlaw.com<br>*Attorneys for Defendants* |

*/s/ Michelle K. Schindler*